922 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Amirshango MANANIOBA, Plaintiff-Appellant,
v.
The FAIRMONT HOUSING AUTHORITY, Tina Akers-Shade,
Defendants-Appellees.
 No. 90-3098.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 13, 1990.
Decided Jan. 14, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. William M. Kidd, Senior District Judge. (CA-90-78-E-K)
 Tim Sindelar, North Central West Virginia Legal Aid Society, Morgantown, W.Va., for appellant.
 N.D.W.Va.
 REVERSED AND REMANDED.
 Before PHILLIPS, CHAPMAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Amirshango Mananioba appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 complaint in which he alleged that the Fairmont Housing Authority and its director, Tina Akers-Shade, violated his due process rights by evicting him from publicly subsidized housing without affording him the notice and hearing required by due process and by Fair Housing Act (FHA) regulations. The district court dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d) on the basis that West Virginia landlord/tenant law afforded Mananioba an adequate and meaningful remedy to challenge the eviction. We reverse and remand, finding a due process claim stated under the Supreme Court's recent decision in Zinermon v. Burch, --- U.S. ----, 58 U.S.L.W. 4223 (1990).
 
 
 2
 Defendants allegedly forced Mananioba to vacate the unit after his daughter (the lessee) moved out, despite the fact that he claimed entitlement to stay as the remaining member of a tenant family. FHA regulations define family to include the remaining member of a tenant family and give the remaining head of the household of any tenant family the rights of a tenant under FHA grievance procedures. 24 C.F.R. Secs. 912.2 and 966.53(f). We find that Mananioba's claimed status of remaining family member gave him a legitimate claim of entitlement, protected by the due process clause, to continued occupancy of a public housing unit. Moreover, because the risk of erroneous eviction of a remaining family member was foreseeable, because predeprivation process was possible, and because the state had delegated to these defendants the power to effect the very deprivation complained of, predeprivation process, rather than a postdeprivation remedy, was required under Zinermon. See Plumer v. Maryland, --- F.2d ----, No. 89-2108 (4th Cir. Oct. 5, 1990); Fields v. Durham, 909 F.2d 94 (4th Cir.1990). Mananioba claims he was afforded no process prior to eviction.
 
 
 3
 Accordingly, we reverse the dismissal of Mananioba's complaint and remand for further proceedings. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 4
 REVERSED AND REMANDED.